## CONDITIONAL AND FINAL ORDERS OF REVIVOR.

Circuit Court of Summit County.

H. W. THOMPSON v. CLEMENT SCHNADER ET AL.

Decided, April 30, 1907.

*Judgments—When Dormant—Revivor, Date of—Homestead and Exemptions—Who May Demand Exemption.*

1. Where a conditional order of revivor is made, but the language of the court in making it is clearly prospective as regards the establishment and effectiveness of the revivor, the revivor will date from the final order and not from the conditional order.
2. Where a motion for revivor is filed during one term of court and the final order granting revivor is made during the succeeding term, the lien of the revived judgment will date from the first day of the second term.
3. Judgments do not become dormant until five years from the date they are rendered.
4. The right to claim homestead exemption is a personal matter and where a judgment lien has attached to a co-tenant's interest in a piece of property which is afterward sold upon partition proceedings, the purchaser can not, as against the judgment lienholder, claim the exemption which the co-tenant might have asserted.

*L. S. Pardee,* for plaintiff.
*Felmly & Castle, C. T. Grant* and *J. M. Poulsen,* contra.

HENRY, J.; WINCH, J., and GIFFEN, J., concur.

This is an action to enforce the collection of a cognovit judgment recovered by plaintiff against defendant, October 8th, 1903, for $202.90, and $7.81 costs. Execution was immediately issued and a levy made on the real estate described in the petition, but the sheriff's return shows that the property remained unsold because of prior liens. The real estate in question consisted of defendant's undivided interest which he had inherited in his father's farm, and the prior liens aforesaid consisted of his widowed mother's dower interest and such claims against the unsettled estate of his father as might require the sale of the realty to satisfy them. The defendant did not at the time know

of the rendition of the cognovit judgment, nor of the issuance and levy of execution thereon, and of course he made no demand for his exemptions.

The judgment at length became dormant, and thereafter, by motion filed in the original case, the plaintiff sought a revivor thereof. A conditional order was allowed April 6, 1900, but notice thereof was not served on the defendant, and an alias order was therefore issued May 11, 1900, notice of which was duly served. The final order of revivor was made July 23, 1900. No execution was thereafter issued on this revived judgment until July 10, 1905, more than five years after the conditional order of revivor was entered, but less than five years after the final order was made. The execution then issued was returned unsatisfied. Meanwhile a partition suit commenced by another joint heir of the real estate in question had gone to judgment and said property was sold July 1, 1905, to one Ripley, one of the defendants herein. The proceeds were paid and divided, the defendant, Schnader, receiving his full share, amounting to about $500. The receipt of this payment was the first actual knowledge that he had of the judgment and sale in partition. The plaintiff had not been made a party to this partition suit, and he now claim that the partition sale did not affect his rights, which of course is true.

The defendants, however, claim, first, that plaintiff's judgment had again become dormant by the lapse of five years between the revivor in 1900 and the execution in 1905; second that the judgment defendant, having been, ever since 1893 at least, a married man, living with his wife in premises not the property of either of them, was, during all the time between 1902 and the said partition sale in 1905, entitled in lieu of homestead to his entire interest in said real estate, the same being worth not more than $500.

It is contended on behalf of the plaintiff, first, that the revivor became effective when the final order was made, and not when the conditional orders, or either of them, were entered, nor yet on the first day of either of the terms of court at which said revivor proceedings were had, and that the execution in 1905

was therefore issued before the five years had elapsed. Second, that the defendant, Schnader, having made no demand or selection of his alleged exemption acquired no right to hold this particular property exempt; that in any event he voluntarily relinquished his right when he permitted the property to be sold, and received his share of the proceeds; that his right to exemption in lieu of homestead is in any case fully satisfied by the fact that he then had and still has an equitable interest of at least $500 in real estate in Cleveland to which his wife holds the legal title; and finally that Ripley, the purchaser at partition sale, having bought subject to the lien of plaintiff's judgment, can not be subrogated to or to otherwise assert Schnader's mere personal right to claim exemption therefrom in lieu of homestead.

As to the time when the revivor became effective, Section 5367, Revised Statutes, authorizes a procedure in the same manner as provided for reviving actions before judgment, i. e., by Sections 5150 et seq. Where the revivor is on motion it would seem that, at least where personal service of the conditional order is had as in this case, the revivor may be construed to date from the time of making that order, subject, however, to its being abrogated if cause is shown why the judgment shall not stand revived. The conditional orders and writs were, however, in this instance modeled more nearly upon the phraseology of Section 5153, providing for service by publication, and the language of the court therein is so clearly prospective as regards the establishment and effectiveness of the revivor, that we are constrained to hold that no revivor was adjudged by the court, in this case, prior to the final order therefor.

It is said, therefore, that as the lien of a judgment not rendered by confession, nor in an action commenced at the same term, dates from the first day of the term under Section 5375, Revised Statutes, so here, the motion for revivor having been filed in one term and the final order reviving the judgment being rendered at the ensuing term, the lien, as thus renewed, should date from the beginning of the latter term and not from the day in term when the order was made. It is doubtful whether the

analogy thus invoked could in any event be reconciled with the language of Section 5375, Revised Statutes. However that may be, Section 5380 distinctly provides that a judgment does not become dormant through failure to sue out execution until "five years from the date of judgment." This means five years from the day in term when it is rendered. We conclude therefore that this judgment was not dormant at the time of the partition sale.

As to the claim of exemption, it should be noted, first, that pending the proceedings for revivor the attorney for the judgment debtor told the opposing attorney that his client, Schnader, claimed his exemption in the land in question, and that a revivor would be useless, and plaintiff apparently acquiesced in this view until after the partition sale. As a matter of fact, however, Schnader, when that representation was made, was not entitled to any exemption in lieu of homestead, for he and his wife were then, and for two years thereafter, living in a homestead owned by her in Cleveland. But at the time of the partition sale, neither had a homestead, and Schnader owned no property except what is now claimed to have been exempt. He made no demand of exemption at the time of the partition sale, nor was any necessary, for the sale was not being made to satisfy any judgment debt of his. Nor did he waive his exemption. The sale was made neither by him nor at his instance, but by law, nor was he called upon to protest against the taking of his exempt property, for he received its lawful equivalent without diminution. He, however, is not now asserting and has no longer any interest to assert his exemption in this property. But since it was a personal privilege of his which he might have asserted, or not, as he saw fit, which he never did assert, after it accrued or when it was competent for him to assert it, and which he certainly could not alienate or delegate, it is impossible to hold that the inchoate personal right of exemption, when it accrued, not only superseded the judgment lien that had already attached, but survived the alienation of the property to which that right pertained.

The facts in this case are thus to be distinguished from those of *Genell* v. *Hirons*, 70 O. S., 309, 324, and plaintiff may take a decree.